IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

AB'DULLAH LAMAR RASHID            )
MUHAMMAD,                         )
                                 )
                    Plaintiff,    )
                                 )
v.                                )          Case No. CIV-05-713-T
                                 )
DEBBIE MORTON, et al.,           )
                                 )
                    Defendants.   )

# O R D E R

Before the Court is Plaintiff's *pro se* "Motion for Enlargement of Time and Request for

Order Directing Defendants to Allow the Plaintiff Access to the Law Library", filed March 13, 2006.

The Court has twice extended the time period for Plaintiff to file an objection to the Report and

Recommendation issued by United States Magistrate Judge Gary M. Purcell on January 10, 2006.

The most recent extension was granted by the Court *sua sponte* when denying a motion substantially

similar to the present one.[1]  In so doing, the Court expressly cautioned:  "Absent extraordinary

circumstances, this is the final extension."  (Order of Feb. 27, 2006 [Doc. 49].)

Plaintiff's current motion does not set forth any extraordinary circumstance.  To the contrary,

Plaintiff merely repeats a request, previously rejected, that the Court order the law library supervisor

at Oklahoma State Penitentiary to give him physical access to the library.  By Order of February 27,

2006, the Court found such relief to be unwarranted but, instead, granted Plaintiff additional time.

Plaintiff has now received more than sixty days to file an objection.  He alleges no new or additional

---

[1]  "Motion to Stay Proceedings, and Request for Order Requiring the Defendants to Show
Cause as to Why Plaintiff Is Being Denied Access to Law Library," filed Feb. 15, 2006 [Doc. 47].

circumstance that might render a sixty-day period insufficient.[2]  Thus the Court finds Plaintiff has received ample time to file an objection, and no further extension will be granted.

The final deadline for Plaintiff to make a written response to Judge Purcell's Report was March 10, 2006.  Plaintiff received repeated notices that failure to file a timely, written objection would waived further review.  (Report, at 19-20; Order 1/31/06, at 2; Order 2/27/06, at 2.)  Because Plaintiff has failed to file any specific objection, he has waived review of factual and legal issues. For this reason, the Court finds that the Report and Recommendation should be adopted.

Moreover, in an abundance of caution, the Court has conducted a de novo review of the case file and the issues on which Judge Purcell makes a recommendation unfavorable to Plaintiff.  *See* 28 U.S.C. § 636(b) (timely objection mandates a de novo determination of specified issues); *see also* Fed. R. Civ. P. 72(b) (same).  This review reveals the Amended Complaint asserts three claims: Count I, a claim under 42 U.S.C. § 1983 of denial of access to the courts (access to the law library and current research materials); Count II, a claim under 42 U.S.C. § 1985 of conspiracy to deny Plaintiff of constitutional rights (access to courts); and Count III, a claim under 42 U.S.C. § 1986 of failure to prevent a constitutional violation (as alleged in Count I).  Judge Purcell correctly concludes as to Counts II and III that each fails to state a claim for relief and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).  Judge Purcell also correctly concludes that Defendants are entitled to summary judgment on Count I.  Notwithstanding Plaintiff's current allegations that he has been refused law library access in recent months, the record

---

[2] According to statements by Plaintiff, this case presents his only outstanding court deadline. In the present motion, Plaintiff states his other cases "are currently in limbo." (Motion, at 3, ¶ 10.) In a prior motion, Plaintiff requested an order stating a firm deadline because this allegedly was a prerequisite to gaining access to the law library; the request assumed he had no other court deadlines. (Motion  for Extension of Time filed 1/27/06 [Doc. 45], at 2, ¶ 7.)

plainly shows he was regularly provided physical access to the law library on 78 occasions between February, 2004, and the filing of this case in June, 2005, and that he was able to pursue numerous civil claims during that time.

No federal case filed in that period failed on the merits; each was dismissed due to Plaintiff's failure to exhaust administrative remedies. *See Muhammad v. Ward*, Case No. CIV-04-693-T, Order (W.D. Okla. Oct. 20, 2004); *Muhammad v. Calbone*, Case No. CIV-04-688-T, Order (W.D. Okla. May 2, 2005), *aff'd*, No. 05-6169 (10th Cir. Nov. 30, 2005); *Muhammad v. Berry*, Case No. CIV-04-467-S, Order (E.D. Okla. Feb. 8, 2006), *appeal pending*, No. 06-7021 (10th Cir.)  One state court case was dismissed for failure to pay the required court fees.  *Muhammad v. Morton*, Case No. CJ-2005-1614, Order (Okla. County, Okla. June 2, 2005), *appeal pending*, No. 102,258 (Okla.). Another case remains pending.  *Muhammad v. Guilfoyle*, Case No. CJ-2004-9460 (Okla. County, Okla.).  Plaintiff admits filing two other state cases during that time.  (Pl.'s Resp. Defs.' Motions Dismiss/Summ. J. [Doc. 39] at 5, n.1.)  One involved a petition for a writ of mandamus, which was denied.  *Muhammad v. Calbone*, Case No. CJ-2004-41, Order (Caddo County, Okla. Feb. 2, 2005). The nature and status of the other is unknown.  *See Muhammad v. Berry*, Case No. C-2004-1255 (Pittsburg County , Okla.).  Regardless of the outcome, however, these facts demonstrate Plaintiff was not denied access to the courts as alleged.  Defendants are therefore entitled to summary judgment on Count I.

For these reasons, Plaintiff's Motion for Enlargement of Time and Request for Order Directing Defendants to Allow the Plaintiff Access to the Law Library [Doc. 50] is DENIED.  The Report and Recommendation [Doc. 44] is ADOPTED in its entirety.  Defendants' Motions to Dismiss/Motions for Summary Judgment  [Doc. 21 & 25] are GRANTED as set forth herein.

Defendants are entitled to summary judgment on Count 1 and dismissal of Counts II and III of the Amended Complaint.  A separate judgment will be entered.

IT IS SO ORDERED this 15th day of March, 2006.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE